IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JOSEPH MCNISH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-3540-CV-S-ODS |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

### **ORDER AND OPINION AFFIRMING COMMISSIONER'S FINAL DECISION**

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying his applications for disability insurance benefits and supplemental security income. The Commissioner's decision is affirmed.

### I. STANDARD OF REVIEW

The Court's review of the Commissioner's decision is limited to a determination whether the decision is "supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance but...enough that a reasonable mind would find it adequate to support the conclusion." *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015) (citations omitted). "As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, or because we would have decided the case differently." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). Though advantageous to the Commissioner, this standard also requires that the Court consider evidence that fairly detracts from the final decision. *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2015) (citation omitted). Substantial evidence means "more than a mere scintilla" of evidence; rather, it is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Gragg v. Astrue*, 615 F.3d 932, 938 (8th Cir. 2010).

## II. BACKGROUND

Plaintiff was born in 1981, has a high school education, and past work experience as a truck driver, route driver, welder/ grinder, and order filler. R. at 38-46. Plaintiff alleges a disability onset date of February 22, 2014, stating he became disabled after slipping and falling on ice.[1] R. at 14, 56. The ALJ determined Plaintiff had the following severe impairments: fibromyalgia, degenerative disc disease of the spine, facet arthropathy, mild right carpel tunnel syndrome, adjustment disorder, anxiety, depression, and obesity. R. at 16. The ALJ determined Plaintiff was not disabled and found Plaintiff had a residual functional capacity ("RFC"):

> [T]o perform sedentary work as defined in 20 C.F.R. § 404.167(a) and 416.967(a) except that he must avoid climbing ladders, ropes or scaffolds; he can occasionally climb ramps and stairs; he can occasionally balance, stoop, kneel, crouch, crawl; he can frequently handle and finger; he must avoid concentrated exposure to vibrations and hazards; he must be able to change positions from sitting to standing every 30 minutes; and he can have occasional contact with supervisors, co-workers and the general public.

R. at 19. Based on the testimony of a vocational expert, the ALJ determined Plaintiff could work as a final assembler or table worker. R. at 26.

## III. DISCUSSION

### A.

Plaintiff argues the ALJ failed to include a limitation in the RFC regarding his ability to maintain concentration. One's RFC is the "most you can still do despite your limitations." 20 C.F.R. § 404.1545(a)(1). The ALJ must base the RFC on "all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations." *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000).

---

[1] Plaintiff previously filed an application for disability and supplemental security income for injuries suffered in 2009. R. at 106. His application was denied and affirmed by this Court. See *McNish v. Colvin*, No. 13-3096-DGK-SSA, 2014 WL 294182 (W.D. Mo. Jan. 27, 2014).

The ALJ did not err in formulating Plaintiff's RFC. Plaintiff's RFC limited him to "occasional contact with supervisors, co-workers and the general public." R. at 19. The ALJ determined no other limitation was necessary and such a determination is supported by the record. In determining Plaintiff's RFC, the ALJ gave great weight to the opinion of examining psychologist Dr. Janice May. Dr. May found Plaintiff does not display signs of suicidal ideations, being prone to physical violence, substance abuse, or psychosis. R. at 355. Although Dr. May noted Plaintiff's bland affect and an indifferent attitude, she also noted Plaintiff's "speech is logical, coherent, and goal-directed", his recent and remote memory is unimpaired, judgment is fair, and his "attention/concentration is characterized by an ability to attend and maintain focus." *Id.* In meeting with Dr. May, Plaintiff described "good success" with medication prescribed for his anxiety. *Id.* Significantly, Dr. May noted Plaintiff's mental impairments "are likely to impact concentration however *would not prevent him from establishing gainful employment*." *Id.* (emphasis added).

In his Function Report, Plaintiff indicated he can handle finances, follow instructions, has no problems with authority figures, and has no unusual behaviors or fears. R. at 239, 241-42. Furthermore, the ALJ found Plaintiff to be alert and attentive at the administrative hearing held in this matter. R. at 19. Plaintiff's RFC properly reflects his mild limitation regarding concentration, and the evidence in the record does not support requiring more in the RFC regarding Plaintiff's concentration. The Court finds the ALJ did not err in formulating Plaintiff's RFC.

*B.*

Plaintiff argues the ALJ did not properly analyze Plaintiff's credibility. The familiar standard for analyzing a claimant's subjective complaints is set forth in *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984):

> While the claimant has the burden of proving that the disability results from a medically determinable physical or mental impairment, direct medical evidence of the cause and effect relationship between the impairment and the degree of claimant's subjective complaints need not be produced. The adjudicator may not disregard a claimant's subjective

3

> complaints solely because the objective medical evidence does not fully
> support them.
>
> The absence of an objective medical basis which supports the degree of
> severity of subjective complaints alleged is just one factor to be
> considered in evaluating the credibility of the testimony and complaints.
> The adjudicator must give full consideration to all of the evidence
> presented relating to subjective complaints, including the claimant's prior
> work record, and observations by third parties and treating and examining
> physicians relating to such matters as:
>
> 1. The claimant's daily activities;
> 2. the duration, frequency and intensity of the pain;
> 3. precipitating and aggravating factors;
> 4. dosage, effectiveness and side effects of medication;
> 5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective
> complaints solely on the basis of personal observations. Subjective
> complaints may be discounted if there are inconsistencies in the evidence
> as a whole.

*Id.* at 1322. The ALJ may also consider the the absence of objective medical evidence to support the claimant's complaints. *Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009) (citations omitted). The ALJ "need not explicitly discuss each *Polaski* factor...[t]he ALJ need only acknowledge and consider those factors before discounting a claimant's subjective complaints." *Eichelberger v. Barnhart*, 390 F.3d 584, 590 (8th Cir. 2004) (citations omitted); *see also Samons v. Apfel*, 497 F.3d 813, 820 (8th Cir. 2007).

The ALJ properly analyzed Plaintiff's credibility. The ALJ found the objective medical evidence did not support Plaintiff's subjective complaints. R. at 21-23. The ALJ noted medication for Plaintiff's mental impairments was effective. R. at 355. Functionally, the ALJ determined medical evidence showed Plaintiff was not as limited as his testimony suggested. R. at 265-67, 311, 338, 355, 361, 365, 390-91. Plaintiff could button and unbutton his shirt, grasp objects with his hand, grasp a pen and write with his right hand, and lift, handle, and carry objects. R. at 390. Although Plaintiff testified he did few, if any, chores around the house, the ALJ properly noted only mild limitation in Plaintiff's activities of daily living. R. at 17. Plaintiff can attend to personal

4

grooming, hygiene, and other personal needs, drive, get outside daily, handle personal finances, attend church, and visit with family and friends. R. at 236-40.

The ALJ acknowledged and considered the *Polaski* factors. R. at 20. The ALJ is not required to discuss each factor in turn, but must merely consider the *Polaski* factors. *See Eichelberger*, 390 F.3d at 590. To the extent Plaintiff argues the medical evidence could support a decision contrary to the ALJ's, the Court will not substitute its judgment for that of the ALJ. *See Baldwin v. Barnhart*, 349 F.3d 549, 558 (8th Cir. 2003) (stating "[t]he credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts."). The ALJ did not err in analyzing Plaintiff's credibility.

## IV. CONCLUSION

For the reasons set forth above, the Court affirms the Commissioner's decision.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: September 26, 2016    UNITED STATES DISTRICT COURT